UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KENNETH COLBY,

Plaintiff,

v.

BRADY THOMAS, ZACH SHIFFLETT, JOSHUA CARPENTER,

Defendants.

CAUSE NO. 1:26-CV-101-JTM-AZ

OPINION AND ORDER

Kenneth Colby, a prisoner without a lawyer, filed a vague complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Colby alleges that there was a fire at the DeKalb County Jail on November 19, 2025. He claims he was required to lock down in his cell while smoke from a fire entered the area. Colby explained that, while he initially panicked, he then accepted his fate, prayed, and went to sleep. After an unknown period of time, Lt. Shifflet woke Colby, placed his wrists in a zip tie, and escorted him off the unit. He was briefly held

with inmates of a higher security classification, but he does not indicate who made the decision to mix inmates of different classifications and he does not describe how he was injured by this decision. Colby was then placed on a bus and taken to the Stuben County Jail.

He complains that medical staff at the DeKalb County Jail had prescribed him two medications for an unspecified gastrointestinal problem, but no one at DeKalb County Jail sent those medications to the Stuben County Jail. Medical staff at the Stuben County Jail did not have either of the medications Colby had been taking and did not prescribe Colby an alternative medication, so Colby had problems with diarrhea and vomiting while he was at the Stuben County Jail. He also complains that he did not receive medical care for "possible smoke inhalation," but he does not describe having any symptoms related to smoke inhalation or identify who he asked for medical care. Colby notes that months later, on February 18, 2026, when the lights flickered, he felt anxious due to his experience during the November 19, 2025, fire.

Because Colby was a pretrial detainee when these events occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively

unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Colby faults the defendants for not sending medications with him when he was unexpectedly transferred to Steben County Jail due to the fire and not proactively offering him medical care for possible smoke inhalation. He does not, however, indicate that he communicated with any defendant about his medical needs, either before or after his return. Under the circumstances, Colby's allegations do not suggest that any defendant acted in a manner that was objectively unreasonable in light of his medical needs.

While Colby has named Sheriff Brady Thomas, Lt. Z. Shifflett, and Jail Commander J. Carpender as defendants, he does not describe how they were involved in the events that occurred on November 19, 2025, other than Lt. Shifflett removing him from his cell. He alleges they misappropriated funds meant to upgrade electrical and backup power at the jail, but this allegation is far too vague to state a claim.

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*,

538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Colby has not described how each defendant was personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

The complaint is short on facts, dates, and specifics about the fire that occurred on November 19, 2025. Based on what it does say, it is not plausible to infer that any defendant violated Colby's constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words

on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Colby believes he can state a claim based on (and consistent with) the events described in his amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kenneth Colby until **November 16, 2026**, to file an amended complaint; and

(2) CAUTIONS Kenneth Colby that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: October 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT